SO ORDERED.

Dated: May 7, 2012

Charles G. Case, II, Bankruptcy Judge

Chad Schatz (027212)
**DAVID WROBLEWSKI & ASSOCIATES**
20 E. Thomas Rd. Ste. 2600
Phoenix, Arizona 85012
Tel: 602.266-4570
Fax: 602.230-2027
cschatz@arizonalawcenter.com
*Attorney for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LEE M. HAYWARD<br>xxx-xx-3551<br>And<br>SALLY A. HAYWARD<br>xxx-xx-3549<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No.: 2:11-bk-02147-CGC<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Plan of the Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

    | **Months** | **Dates** | **Payments** |
    |---|---|---|
    | 1-60 | February 2011 through January 2016 | $4,000.00 |

    The payments are due on or before the 25th day of each month commencing February 25, 2011. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

    The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for 2010, 2011, 2012, 2013, and 2014 while in the bankruptcy case, within 30 days of filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

1

Case 2:11-bk-02147-DPC    Doc 60    Filed 05/07/12    Entered 05/08/12 07:28:25    Desc
- Order Confirming Chapter 13 Plan    Page 1 of 6

b. <u>Other Property.</u> The Debtors shall provide directly to the Trustee their net federal and state income tax refunds for the years 2010, 2011, 2012, 2013, and 2014, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

   a. <u>Administrative Expenses:</u>

   <u>Attorney Fees.</u> Phillips & Associates shall be allowed total compensation of $4,000.00 Counsel received $4,000.00 prior to filing this case and will be paid $0.00 by the Chapter 13 Trustee. David Wroblewski & Associates shall be allowed total compensation of $0.00 Counsel received $0.00 prior to filing this case and will be paid $0.00 by the Chapter 13 Trustee.

   b. <u>Claims Secured by Real Property:</u>

   **JP MORGAN CHASE BANK**, secured by a lien on the Debtors' primary residence located at 3108 E. WILDWOOD DR., PHOENIX, AZ 85048, shall be paid pre-petition arrears of $350.00. Regular post-petition payments will be made directly outside the Plan direct to the secured creditor by the Debtors.

   **JP MORGAN CHASE BANK**, secured by a secondary lien on Debtors' primary residence located at 3108 E. WILDWOOD DR., PHOENIX, AZ 85048, shall <u>not</u> be paid through the Plan. Regular post-petition payments will be made outside the Plan direct to the secured creditor by the Debtors.

   **MOUNTAIN PARK RANCH HOA** is secured in accordance with the CC&R(s). The Debtors' payments are current to MOUNTAIN PARK RANCH HOA, which has filed no proof of claim; therefore, no funds shall be paid to it by the Trustee through this Plan. The Debtors shall continue to make regular contractual payments direct to MOUNTAIN PARK RANCH HOA outside of the Plan.

   c. <u>Claims Secured by Personal Property:</u>

   **MERCEDES BENZ FINANCIAL SERVICES**, secured by 2006 MERCEDES BENZ R350, shall be paid $23,518.09 together with interest at 5.25%. MERCEDES BENZ FINANCIAL SERVICES shall receive adequate protection payments of $240.00 per month.

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

2

Case 2:11-bk-02147-DPC   Doc 60   Filed 05/07/12   Entered 05/08/12 07:28:25   Desc
- Order Confirming Chapter 13 Plan   Page 2 of 6

U.S. BANK, secured by 2006 MERCEDES BENZ CL500, shall be paid $36,203.29 together with interest at 5.25%. U.S. BANK shall receive adequate protection payments of $375.00 per month.

d. Unsecured Priority Claims:

INTERNAL REVENUE SERVICE, filed a proof of claim setting forth that $14,585.00 is entitled for priority for the following years: 2010. The priority amount shall be paid through the Debtors' Plan, and any remaining balance shall be treated as a general unsecured claim.

ARIZONA DEPARTMENT OF REVENUE filed a proof of claim setting forth that $1,858.00 is entitled for priority for the following years: 2010. The priority amount shall be paid through the Debtors' Plan, and any remaining balance shall be treated as a general unsecured claim.

e. Leases or Executory Contracts. The following leases and/or executor contracts are assumed or rejected as follows:

| Party | Description | Action |
| --- | --- | --- |
| Arizona Exterminating Co. | Pest Control Service Contract | Assume |
| AT&T | Cellular Telephone Contract | Assume |
| DirecTV | Satellite Television Contract | Assume |
| Protection One | Home Security Alarm Contract | Assume |

f. Surrendered Property: None

g. Co-Debtor Claim(s): None

h. Other Provisions: None

i. Unsecured Non-priority Claims. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**DATED SIGNED AND ORDERED AS STATED ABOVE**

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

3

Case 2:11-bk-02147-DPC    Doc 60    Filed 05/07/12    Entered 05/08/12 07:28:25    Desc
- Order Confirming Chapter 13 Plan    Page 3 of 6

Approved as to Form and Content By:

| | |
|---|---|
| DAVID WROBLEWSKI & ASSOCIATES | STANDING CHAPTER 13 TRUSTEE |
| By: *(signature)* <br> Chad Schatz <br> 20 East Thomas Road, Suite 2400 <br> Phoenix, AZ 85012 <br> *Attorneys for Debtors* | By: *(signature)* <br> Edward J. Maney, Trustee <br> P.O. Box 10434 <br> Phoenix, AZ 85064 |

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

4

Case 2:11-bk-02147-DPC   Doc 60   Filed 05/07/12   Entered 05/08/12 07:28:25   Desc
- Order Confirming Chapter 13 Plan    Page 4 of 6

**CERTIFICATION OF DEBTORS:** I, Lee M. Hayward and I, Sally A. Hayward, hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2. I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3. I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____
Lee M. Hayward

_____
Sally A. Hayward

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

5

Case 2:11-bk-02147-DPC    Doc 60    Filed 05/07/12    Entered 05/08/12 07:28:25    Desc
- Order Confirming Chapter 13 Plan    Page 5 of 6

**Plan Summary.** If there are any discrepancies between the Plan and this Plan analysis, the provisions of the confirmed Plan control.

- Administrative Expense: ...........................................................................................$0.00
- Priority claims: ...................................................................................................$16,443.00
- Payments on Leases or to cure Defaults, Including Interest: ....................................$0.00
- Payments on Secured claims, Including Interest ...............................................$70,000.00
- Payments on Unsecured, Non-priority Claims: ...............................................$129,557.00
- Subtotal: ..........................................................................................................$216,000.00
- Trustee's Compensations (10%) of Debtors' Payments): ..................................$24,000.00
- Total Plan Payments: .....................................................................................$240,000.00

**Section 1325 Analysis.**
(1) Best Interest of Creditors Test:
   (a) Value of Debtors; Interest in nonexempt property: ......................................$22,004.49
   (b) Plus; Value of property recoverable under avoiding powers: ...............................$0.00
   (c) Less: estimated Chapter 7 administrative expenses: ........................................$2,950.45
   (d) Less: Amount payable to unsecured priority creditors: .................................$16,443.00
   (e) **Equals:** Est. amount payable to unsecured, non-priority claims if debtors filed Chapter 7: ..........................................................................................................$2,611.04

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income

(2) Section 1325(b) Analysis;
   (a) Amount from line 59, form B22C, Statement of Current Monthly Income: ..$5,792.67
   (b) Applicable Commitment Period: ...............................................................................x 60
   (c) Section 1325(b) amount ((B)(1)amount times 60): ....................................$347,560.20
(3) Estimated Payment to Unsecured, Non-priority Creditors under the Plan: ......$129,557.00

In re: Lee and Sally Hayward
Case No.: 2:11-bk-02147-CGC

6

Case 2:11-bk-02147-DPC   Doc 60   Filed 05/07/12   Entered 05/08/12 07:28:25   Desc
- Order Confirming Chapter 13 Plan    Page 6 of 6